Per Curiam.
The record in this case discloses that oh February 7, 1901, ■the defendant, Brock, who was under indictment, for bigamy, was found by the jury to be “‘not sane;” and was remanded by •the court to the custody of the sheriff to be held until further .■order of the probate -court.
*365 There then appear a couple of- entries irrelevant to the point here under consideration, and having no reference to the sanity of the accused; and then comes an entry of Mareh 28, 1901, as follows: “This day came the prosecuting attorney on behalf of the state, the defendant being brought into ope* court in the custody of the sheriff, his counsel also appearing; also came the following petit jurors,” * * * including the verdict: “We, the jury, on the issue joined, find the defendant, James Brock, guilty of bigamy as he stands charged in the indictment.”
Subsequently on the 29th day of March a motion for a new trial was filed, setting out among other reasons “that the court had no right to try the defendant at this time, because the record discloses that the said defendant is insane.”
On the same day an affidavit was filed by Harry M. Hoffheimer, the .prosecutor of the county, which is copied into the ' record, and is as follows:
“Harry M. Hoffheimer, being first duly sworn, says that he is the prosecuting attorney of Hamilton county, Ohio, and that on or about the 18th day of February, 1901, he received notice from the superintendent of Longview Asylum, jin which place the defendant herein had been confined pursuant to sections 7240 and 7241 of the Revised- Statutes of Ohio, and that the defendant was not insane at that time and had not bee* insane at any time, and that he, the said defendant, was in full possession of his reason. Thereupon affiant caused a capias to issue as provided for in section 7243 of the Revised Statutes of Ohio; in pursuance thereof the said defendant was committed to the jail of Hamilton county and held to answer for the offense charged against him.
“H. M. Hoffheimer.
“Sworn to before me and subscribed in my presence this 29th day of March, A. D. 1901.
“Arthur Minning,
“Notary Public, Hamilton county, O.”
We are of the opinion that it was error on the 28th day of March to put the accused on trial for the offense for which *366 he was indicted with the record in the state in which it was as 1-q his sanity. True, it seems that the steps provided for in the Revised Statutes, 7243, had been taken by the superintendent having- him in charge, and the prosecuting attorney, in the matter of notice, issuance of a capias, and commitment to jail; but it nowhere appeared of record. These facts are only supplied by the affidavit of the county prosecutor made after the accused had been tried and found guilty. In the first place, an affidavit is no part of the record, and is not made, such even though copied verbatim by the clerk into the record.
F. W. Gruen, for Plaintiff in Error.
R. Froome Morris, Contra.
An affidavit can only become part of the record by being incorporated in a bill of exceptions. But aside from this, the affidavit in this case was not made until the man was actually tried. And, further, the affidavit of the prosecutor does not seem to us to be sufficient in law to remove or set aside the solemn adjudication which stands of record of the man’s insanity. There certainly should appear something on the record showing a change in the accused’s status before the law, that is, from one “not sane” to a sane person.
This is a new point and has not been raised before, but we think the better practice would be for the court to make an entry of record finding that the steps provided’ for in section 7243, Revised Statutes, had been fully taken according to law, and that the accused stood before the court a sane man before going to trial under the indictment.
. Case reversed.